RAYMOND H. AVER - SBN 109577
LAW OFFICES OF RAYMOND H. AVER
A Professional Corporation
1950 Sawtelle Boulevard, Suite 120
Los Angeles, California 90025
Telephone: (310) 571-3511
e-mail: ray@averlaw.com

General Insolvency Counsel for
SON CORPORATION
Debtor and Debtor In Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA [SAN FERNANDO VALLEY DIVISION]

| | |
|---|---|
| In re: | Case No. 1:14-bk-11061-MT |
| SON CORPORATION, | Chapter 11 |
| Debtor. | REPLY TO "CALIFORNIA STATE BOARD OF EQUALIZATION'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF CALIFORNIA STATE BOARD OF EQUALIZATION (CLAIM NO. 3)"; DECLARATION(S) IN SUPPORT THEREOF |
| | Date: September 17, 2015<br>Time: 9:30 a.m.<br>Place: Courtroom 302<br>United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Woodland Hills, California 91367 |

TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE:

Son Corporation, the chapter 11 debtor and debtor in possession in the above captioned case ("Debtor" or "Son Corp"), submits this reply to the "California State Board Of Equalization's Response To Debtor's Objection To Claim Of California State Board Of Equalization (Claim No. 3)," filed on behalf the California State Board of Equalization ("SBE") on September 3, 2015.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.

**BACKGROUND FACTS**

On February 28, 2014, Son Corp caused to be filed a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code.

On May 15, 2014, SBE caused to be filed a "Proof Of Claim," asserting a *priority* tax claim in the amount of $521,823.02, $499,756.54 of which is attributable to the first audit period (2004-2007) and $22,066.48 is attributable to the second audit period (2009-2012).

On August 18, 2015, Son Corp caused to be filed an "Objection To Claim Of California State Board Of Equalization (Claim No. 3)" ("Claim Objection"). Son Corp seeks a Court order reclassifying SBE's claim for the first audit period as a general unsecured claim. Son Corp does not dispute that the taxes assessed in connection with the second audit period are a priority tax claim.

On September 3, 2015, SBE caused to be filed "California State Board Of Equalization's Response To Debtor's Objection To Claim Of California State Board Of Equalization (Claim No. 3)" ("Response To Claim Objection"). By its Response To Claim Objection, SBE erroneously accuses Son Corp and its tax counsel of engaging in stalling tactics while negotiating installment payment agreements with SBE and requesting an evidentiary hearing regarding the applicability of the equitable tolling doctrine to this case.

For the reasons set forth in the Claim Objection and this reply, the Claim Objection should be sustained.

///

## II.

## LEGAL ANALYSIS

A. **Filing An Adversary Proceeding Is A Proper Vehicle To Obtain Equitable Tolling Of The 11 U.S.C. §507 Time Limitations**

It is not the filing of a proof of claim, but rather the filing of an adversary proceeding that is a proper procedure to request equitable tolling of the 11 U.S.C. §507 time limitations. [*United States v. Gilmore*, 226 B.R. 567, 575 (E.D. Tex. 1998)] In support of this conclusion, the *Gilmore* court explained:

> In determining which is the proper proceeding, it is important to consider the character of the powers granted to the bankruptcy court pursuant to section 105(a). Circuit court authority has established that by invoking 11 U.S.C. §105(a), a party is requesting that the court exercise its equitable powers. The case of *In re American Hardwoods, Inc.*, 885 F.2d 621, 625 (9th Cir. 1989), offers some language describing the function of 105(a): "... Section 105 permits the court to issue both preliminary and permanent injunctions after confirmation of a plan to protect the debtor and the administration of the bankruptcy estate." (*citing In re Burstein-Applebee Co.*, 63 B.R. 1011, 1020 (Bankr. W.D. Mo. 1986)). Also in this opinion, the Ninth Circuit noted: "While endowing the court with general equitable powers, section 105 does not authorize relief inconsistent with more specific law. *Id.* (citing *In re Golden Plan of California*, Inc., 829 F.2d 705, 713 (9th Cir. 1986)) ... Recognizing that section 105(a) operates within the bankruptcy court's equitable powers directly influences the determination of what proceeding must be used to invoke these powers. Bankruptcy Rule 7001(7) specifically provides that an adversary proceeding is the appropriate vehicle for obtaining an injunction *or any other equitable relief* (emphasis added)... A request for equitable relief pursuant to section 105(a) would logically require the filing of an adversary proceeding.

[*Id.* at 576]

The Court should note that prior to filing the Response To Claim Objection, SBE never made an affirmative request for the Court to exercise its equitable powers to toll the section 507 time limitations. Neither the filing of the Proof of Claim nor the filing

of the Response To Claim Objection is a proper mechanism for invoking the Court's equitable powers. SBE should be required to file an adversary proceeding for the Court to consider the issue of the equitable tolling. The relief requested in the Response To Claim Objection should, therefore, be denied for failure to follow the proper procedure.

B.  <u>SBE Failed To Meet Its Burden To Show That The Court Should Invoke Equitable Powers To Equitably Toll The Limitations Period</u>

Cases cited by SBE are either distinguishable[1] or supportive of Son Corp's position that the Court should refrain from utilizing 11 U.S.C. §105 to equitably toll the limitations periods for SBE tax claim. Whether the Court should exercise its equitable authority to toll the limitations is a fact-driven consideration. [*Bair v. United States, IRS (In re Bair)*, 240 B.R. 247, 251 (Bankr. W.D. Tex. 1999) (citing *Quenzer v. United States (In re Quenzer)*, 19 F.3d 163, 165 (5th Cir. 1993) (proper exercise of the Court's equitable powers requires full development and examination of the facts and the relative positions of the parties.)[2]] The taxing authority has the

---

[1] For example, SBE's primary reliance of the "Memorandum Decision," issued by the Honorable Peter H. Carroll in *In re Intercare Health Systems, Inc.*, 2:09-bk-29121-PC is misplaced. *Intercare* is factually distinguishable. In *Intercare*, although the tax arose more than three years prior to the filing of the second bankruptcy case, the Court found that IRS' claim was entitled to priority status because the IRS was precluded from collecting the taxes due to the existence of a confirmed plan of reorganization in the earlier bankrutpcy case. In determining whether and when the three year period expired that Court considered the date of default under the confirmed plan, whether the default was cured, whether change in payment terms constituted a material modification of the plan, and other related considerations.

[2] In *Quenzer*, the Fifth Circuit ultimately found that the exercise of equitable powers was not appropriate: "[t]he record before us is devoid of any factual findings by the bankruptcy or district courts which would justify the exercise of equitable powers to extend the time for the government's tax collection efforts." [*Id.*]

burden of proof to show that the Court should invoke section 105(a) to equitably toll the limitations periods. [*Id.*; *In re Moss*, 216 B.R. 556, 558 (Bankr. E.D. Tex. 1997); *Clark v. United States (In re Clark)*, 184 B.R. 728, 730 (Bankr. N.D. Tex. 1995)] In *Young*, the United States Supreme Court, in recognizing the existence of the equitable tolling doctrine, specifically referred to conduct "[w]here the claimant has actively pursued his judicial remedies by *filing a defective pleading during the statutory period*, or where the complainant has been *induced or tricked by his adversary's misconduct* into allowing the filing deadline to pass." [*Young v. United States*, 535 U.S. 43, 50 (U.S. 2002)] Such conduct on the part of Son Corp is not present in this case. Here, Son Corp filed bankruptcy to restructure its financial obligations. The Court approved a disclosure statement on March 11, 2015, and, according to the "Plan Ballot Summary," four (4) creditors representing various classes of claimants voted in favor of the plan. Although the Court denied plan confirmation, Son Corporation anticipates filing an amended chapter 11 plan, after the Court adjudicates the Claim Objection, which plan will address the Court's concerns and objections raised in its tentative ruling, dated Jule 8, 2015. It is anticipated that Son Corp will have sufficient net income though business operations and/or capital contributions to fund its obligations under the plan.

On the other hand, in *Gilbert*, the court refused to apply equitable tolling when the Court found that the conduct of the taxing authority in its collection efforts was contrary to the principles of equity. [*United States v. Gilmore*, 226 B.R. at 577] Here, SBE cites to *In re Bair*, 240 B.R. 247 (Bankr. W.D. Tex. 1999) where the court granted the IRS' request for equitable tolling; however, in *Bair*, the

court specifically noted that the IRS acted appropriately in its collection efforts and that the IRS did not have an unimpeded three years in which to collect taxes due to the automatic stay, which lasted almost five years. Another case cited by SBE, *In re Prince*, 244 B.R. 398, 399-400 (Bankr. S.D. Tex. 1998) also recognizes tax agency's diligence in its collection efforts. As demonstrated in the declaration of Joseph Broyles, as supplemented, SBE engaged in conduct which does not support tolling under the circumstances of this case. SBE's tax collector assigned in this case, Mayra Micchichi ("Miccichi"), negotiated in bad faith and made unreasonable payment demands, threatening to levy if her demands were not made. [*See*, Broyles Decl. ¶¶6, 7] Miccichi demanded a $100,000 payment without analyzing the debtor's financial status. [*Id.*] SBE threatened to levy, and then did, in fact, levy while it was negotiating with Son Corp's tax counsel for a reasonable installment agreement Son Corp could afford. [*See*, Micchichi Decl. ¶17] In her declaration, Micchichi admits the above misconduct, including the $100,000.00 demand which the latter refers to as a "down payment in good faith". It is not an indication of "good faith" for a tax collector to demand a $100,000.00 payment without even inquiring if the taxpayer has $100,000.00. Micchichi further admits that she later demanded a $20,000.00 "down payment" before she had seen or analyzed Son Corp's bank statements or financial status. In fact, she states that she wanted the $20,000.00 payment and the financial records to be provided at the same time. SBE's written procedures require tax collectors, like Miccichi, to first analyze a taxpayer's ability to pay before proposing a payment arrangement. [*See*, Response To Claim Objection, Exhibit E, pp. 7 of 38 through 14 of 38]

1  Micchichi failed to follow SBE's own rules.  Therefore, SBE should be
2  precluded from invoking the equitable tolling.
3
4  **WHEREFORE,** Son Corporation respectfully requests that the Court
5  sustain its "Objection To Claim Of California State Board Of
6  Equalization (Claim No. 3)," and for such and further relief as is
7  just and proper.
8
9  Dated: September 10, 2015        LAW OFFICES OF RAYMOND H. AVER
                                    A Professional Corporation

                                    By: _____
                                        RAYMOND H. AVER
                                        General Insolvency Counsel for
                                        SON CORPORATION
                                        Debtor and Debtor In Possession

## SUPPLEMENTAL DECLARATION OF JOSEPH BROYLES

I, JOSEPH A. BROYLES, declare as follows:

1. I am a California Certified Public Accountant, licensed by the California Board of Accountancy and recognized by the American Institute of Certified Public Accountants and a member of the California Society of Certified Public Accountants. For the past four years I have been a member of the Board of Directors of the California Society of CPAs.

2. I am also an attorney admitted to practice law before this Court and all state court in the State of California. I am a former chair of the Tax Procedure and Litigation Committee of the State Bar of California and a former chair of the Tax Section of the Beverly Hills Bar Association.

3. This declaration supplements my earlier declaration, dated August 18, 2015, filed in support of the "Objection To Claim Of California State Board Of Equalization (Claim No. 3)."

4. In paragraphs 15 and 16 of the "Declaration Of Mayra Micchiche," filed in support of "California State Board Of Equalization's Response To Debtor's Objection To Claim Of California State Board Of Equalization (Claim No. 3)," Ms. Micchichi ("Micchichi") states that I proposed a payment plan of $5,000 per month and that SBE accepted my proposal. That is not my recollection. I recall proposing a $5,000 per month installment agreement and asking Micchichi to prepare the standard forms for a formal installment agreement. I do not recall ever receiving those forms and do not believe we ever had a formal installment agreement. I do recall that Micchichi later asked for a $10,000 "down payment"

as she states in the paragraph 16 of her declaration, which indicates that we did not already have an agreement in place on April 26, 2012.

5. I have personal knowledge of the facts stated herein, except where stated on information and belief, and where so stated, I am informed and believe that such facts are true and correct. If called and sworn as a witness, I could and would competently testify to the above.

Executed on this 10th day of September 2015, at Los Angeles, California. I declare under penalty of perjury that the foregoing is true and correct.

        /s/ Joseph A. Broyles
        JOSEPH A. BROYLES

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1950 Sawtelle Boulevard, Suite 120, Los Angeles, California 90025.

The foregoing document described **"REPLY TO 'CALIFORNIA STATE BOARD OF EQUALIZATION'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF CALIFORNIA STATE BOARD OF EQUALIZATION (CLAIM NO. 3)'"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 10, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Raymond H Aver — ray@averlaw.com
Katherine Bunker — kate.bunker@usdoj.gov
Joan Huh — joan.huh@boe.ca.gov
Jaime K Shean — efilings@amlegalgroup.com
United States Trustee (SV) — ustpregion16.wh.ecf@usdoj.gov
Elisa B Wolfe-Donato — Elisa.Wolfe@doj.ca.gov
___ Service information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **September 10, 2015**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

State Board Of Equalization
Special Operations Branch, MIC: 55
P.O. Box 942879
Sacramento, California 94279-0055

___ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 10, 2015**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Maureen A. Tighe
Bin on 1st Floor outside entry to Clerk's Office

___ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

September 10, 2015    Kateryna Bilenka    [Signature]
Date                  Name                Signature